Dear Mayor Montgomery:
You requested the opinion of this office concerning whether the mayor or the board of aldermen is authorized to give and determine the amount of pay raises to town employees, including those in the mayor's office. Please be advised as follows:
The Town of Ferriday is a Lawrason Act municipality governed by the provisions of R.S. 33:321, et seq. The provisions of the Lawrason Act which are pertinent to your request are as follows:
 R.S. 33:362. Exercise of municipal powers; legislative, executive
 "A. (1) The legislative powers of a municipality shall be vested in and exercised by the board of aldermen.
* * *
 (3) Subject to law, including R.S. 33:423.2 and 423.3, and applicable civil service rules and regulations, the board of aldermen shall, by ordinance, provide policies and procedures regulating the employment of municipal employees including the hiring and firing of such employees."
 R.S. 33:381. Municipal officers
 "A. The officers of every municipality shall be a mayor, aldermen, a chief of police, a tax collector, and a clerk.
 R.S. 33:386. Appointment of municipal officials; bond required
 "A. At the first regular meeting of the board of aldermen succeeding each regular municipal election, the mayor, subject to confirmation by the board of aldermen, shall appoint a clerk, tax collector, except as provided for in R.S. 33:381(D), and all other necessary officers whose election is not provided for in R.S. 33:381 . . .
* * *
 C. The mayor, subject to confirmation by the board of aldermen, may appoint and fix compensation for an attorney at law for the municipality, whose duties in such capacity may include representation of all municipal officers as defined by R.S. 33:381(A) in actions against them in connection with and arising out of their functions as such officers, and other duties as prescribed by the mayor. The municipality may also employ counsel to represent its interest should the occasion require." (Emphasis added)
 R.S. 33:404. Duties of mayor
 "A. The mayor shall have the following powers, duties, and responsibilities:
 (1) To supervise and direct the administration and operation of all municipal departments, offices, and agencies, other than a police department with an elected chief of police, in conformity with ordinances adopted by the board of aldermen and with applicable provisions of state law; however, no such ordinance may limit the authority granted to the mayor by this Paragraph. All administrative staff shall be subordinate to the mayor.
* * *
 (3) Subject to applicable state law, ordinances, and civil service rules and regulations, to appoint and remove municipal employees, other than the employees of a police department with an elected chief of police. However, appointment or removal of a nonelected chief of police, the municipal clerk, the municipal attorney, or any department head, shall be subject to approval by the board of aldermen, except that in the case of a tie vote, the recommendation of the mayor shall prevail . . ."
 R.S. 33:404.1. Compensation of municipal officers
 "The board of aldermen shall by ordinance fix the compensation of the mayor, aldermen, clerk, chief of police, and all other municipal officers. The board of aldermen may by ordinance increase or decrease their compensation and the compensation of any nonelected municipal officer and may increase the compensation of other elected officials. However, the board of aldermen shall not reduce the compensation of any elected official during the term for which he is elected." (Emphasis added)
Thus, while the mayor may fix the compensation, subject to the approval of the board of aldermen, of the city attorney, it is the board of aldermen and not the mayor who is authorized to fix the compensation of the mayor, aldermen, clerk, chief of police and all other municipal officers.
We would also noted that R.S. 33:441(B) authorizes the board of aldermen in their discretion, upon request of the mayor, to appoint an attorney to act as court magistrate. The board of aldermen are to fix and pay the salary of the magistrate, if one is appointed.
As to employees who are not deemed to be municipal officers, it is the opinion of this office that it is appropriate for the mayor to determine if a pay raise is merited, and the amount thereof.
Regardless of whether it is the mayor or the board of aldermen who determines whether a particular officer or employee is given a raise, the money for the raise must be budgeted in accordance with the requirements of the Local Government Budget Act, R.S.39:1301, et seq.
Trusting this adequately responds to your request, we remain
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: ___________________________ MARTHA S. HESS Assistant Attorney General
RPI/MSH/
Date Received: Date Released:
Martha S. Hess, Assistant Attorney General Section Chief — Finance and Contracts